**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| TAYLOR MADISON; and ANGIE DICKSON, | ) ) | |
| | ) | CASE NO. |
| Plaintiffs, | ) | |
| | ) | (Upon removal from the 191st Judicial |
| v. | ) | District Court, Dallas County, Texas, |
| | ) | Cause No. DC-20-06783) |
| TELESFORO AVILES, | ) | |
| | ) | (JURY) |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ADT LLC, | ) | |
| | ) | |
| Intervenor Defendant. | ) | |

**INTERVENOR DEFENDANT ADT LLC'S
NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Intervenor Defendant ADT LLC ("ADT" or "Defendant"), by and through undersigned counsel, hereby removes this action currently pending in the 191st Judicial District Court, Dallas County, Texas, Cause No. DC-20-06783, to the United States District Court for the Northern District of Texas, Dallas Division, on the grounds that federal diversity jurisdiction exists under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA").

**BACKGROUND**

1.      On May 13, 2020, Plaintiff Taylor Madison filed a class action petition in the 191st Judicial District Court, Dallas County, Texas, Cause No. DC-20-06783 ("State Court Action"), against Defendant Telesforo Aviles ("Mr. Aviles"), a former ADT employee that abused access privileges to gain unauthorized access to Ms. Madison's system cameras,

potentially viewing Ms. Madison in her home.  *See* Second Amended Class Action Petition at ¶¶ 12 and 13.  A copy of the operative Second Amended Class Action Petition and Verified Application for Temporary Restraining Order and Temporary Injunction ("Petition") is attached as **Exhibit A**.  A true and correct copy of the State Court Action docket is attached as **Exhibit B**.

2.       Plaintiffs Taylor Madison and Angie Dickson ("Plaintiffs") make claims against Mr. Aviles for Intrusion of Seclusion, and purport to represent a state-wide class of consumers seeking monetary damages and injunctive relief.  *See* **Ex. A** at p. 7.

3.       On August 18, 2020, ADT filed its Petition in Intervention.  A true and correct copy of ADT's Petition in Intervention is attached as **Exhibit C**.  By filing its Petition in Intervention, ADT became a defendant to this lawsuit for all purposes.  *See Brook v. Brook*, 865 S.W.2d 166, 172 (Tex. App. 1993), *writ granted* (Feb. 2, 1994), *aff'd*, 881 S.W.2d 297 (Tex. 1994).

## REMOVAL IS TIMELY

4.       ADT filed its Petition in Intervention in the State Court Action on August 18, 2020.  Accordingly, this Notice of Removal is filed within the 30-day timeframe provided by 28 U.S.C. § 1446(b).

## REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT

5.       The Class Action Fairness Act of 2005 ("CAFA") applies to civil class actions commenced on or after February 18, 2005.  *See* Pub. L. No. 109-2 § 9, 119 Stat. 4, 14 (2005).

6.       Under CAFA, this Court has original federal jurisdiction of any class action in which the proposed class has at least 100 members, where the amount in controversy exceeds the sum or value of $5,000,000 exclusive of costs and fees, and where any member of a putative

4824-9190-1129 v2

class is a citizen of a different state than any defendant.  28 U.S.C. §1332(d)(2)(A); *see Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013).

## MINIMAL DIVERSITY OF CITIZENSHIP EXISTS

7.      "Minimal diversity" exists if the citizenship of "*any* member of a class of plaintiffs is a citizen of a State different from *any* defendant."  *See* 28 U.S.C. § 1332(d)(2)(A) (emphasis added).

8.      As alleged in the Petition, Plaintiffs are both citizens of the State of Texas, residing in Dallas County.  *See* Pltfs' Sec. Am. Class Action Pet., **Ex. A**, at ¶¶ 2-3.  Plaintiffs have brought this action on behalf of themselves and a putative class of Texas citizens.  *Id.* at ¶ 9.

9.      ADT is a limited liability company, the citizenship of which is determined by the citizenship of its members.  *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  ADT's sole member is The ADT Security Corporation, a Delaware corporation with its principal place of business located in Boca Raton, Florida.  Under 28 U.S.C. § 1332(c)(1), The ADT Security Corporation is a citizen of Delaware and Florida.  ADT is therefore a citizen of Delaware and Florida.  ADT is not, and was not at the time of the filing, a citizen of the State of Texas within the meaning of the Acts of Congress relating to the removal of actions.  28 U.S.C. § 1332(c)(1).

10.      A party that voluntarily intervenes as a defendant is treated the same as an involuntarily named defendant under CAFA.  *Wellon v. PNS Stores, Inc.*, 2019 WL 2099922, Case No. 18-cv-2913 (S.D. Ca. May 14, 2019) (rejecting numerous arguments against intervenor removal under CAFA). Therefore, ADT is afforded the same rights under CAFA as if it had been originally named in the lawsuit.

4824-9190-1129 v2

11.     Here, minimal diversity exists as Plaintiffs allege that they are citizens and residents of the State of Texas; all putative Class and Sub-Class members are Texas citizens; and ADT is a citizen of Delaware and Florida.

## THE PROPOSED CLASS EXCEEDS 100 MEMBERS

12.     As alleged in the Petition, Plaintiffs define the Class as "All Texas citizens or residents who experienced damages as a result of the intrusion of their seclusion by Defendant Telesforo Aviles," and the Sub-Class as "All Texas citizens or residents who:  (1) are not customers of ADT; (2) who were present at a location monitored by an ADT video security system; (3) had a reasonable expectation of privacy at the location; and (4) experienced damages as a result of the intrusion of their seclusion by Defendant Telesforo Aviles." See Pltfs' Sec. Am. Class Action Pet., **Ex. A**, ¶ 9.

13.     Plaintiffs specifically plead that "[o]n information and belief, the proposed Class and Sub-Class consists of more than one hundred individuals in Dallas County, Texas, the joinder of which in one action is impracticable."  *Id*. at ¶ 10.  Plaintiffs further allege in their Motion to Certify (a true and correct copy is attached as **Exhibit D**) that it is known that "at least 220 of ADT's Dallas-area customers[]" were allegedly harmed by the conduct outlined in Plaintiffs' Amended Petition and that "[i]t is likely that there were hundreds more persons" who were affected in the same way.  Pltfs' Mot. to Certify Class at p. 2, ¶ 2 (**Ex. D**).

14.     Accordingly, there are at least 100 individuals in the putative class.

## THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000

15.     Based on the varied class-wide injunctive and monetary relief sought by Plaintiffs' claims, the total amount in controversy is well in excess of the $5 million minimum for CAFA jurisdiction.  *See* 28 U.S.C. § 1332(d)(6).

4824-9190-1129 v2

16.     Plaintiffs' Petition seeks the following relief on their own behalf, as well as on behalf of Class Members and Sub-Class Members.  *See* Pltfs' Sec. Am. Class Action Pet., **Ex. A**, pp. 9-10.:

        a)     Pain and suffering;

        b)     Mental anguish;

        c)     Medical expenses;

        d)     Lost wages;

        e)     Loss of earning capacity;

        f)     Physical impairment;

        g)     Disfigurement;

        h)     Loss of use and enjoyment of [her] home in the past and future;

        i)     Exemplary damages;

        j)     Prejudgment and postjudgment interest

        k)     Court costs

        l)     Attorneys' fees; and/or

        m)     All other relief to which Plaintiffs are entitled . . . .

15.     Although Texas pleading standards prohibit Plaintiffs' Amended Petition from asserting a specific damage amount (*see* Tex. R. Civ. P. 47), the Court may consider extrinsic evidence to determine whether CAFA's amount in controversy is satisfied.  *See Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 241 (5th Cir. 2015) (holding removing party's summary-judgment-type evidence satisfied burden of establishing CAFA's amount in controversy).

16.     Here, as referenced in ADT's Notice of Related Actions, filed concurrently with this removal, two other class actions have been filed against ADT in the United States District Court for the Southern District of Florida based on identical operative facts and circumstances as

4824-9190-1129 v2

outlined in Plaintiffs' Second Amended Petition.  *See Doty v. ADT LLC*, Case No. 20-cv-60972-AHS (S.D. Fla. 2020) ("Doty Class Action"), a true and correct copy of Doty's First Amended Class Action Complaint is attached as **Exhibit E**; *see also Preddy v. ADT LLC*, Case No. 20-cv-60971-AHS (S.D. Fla. 2020) ("Preddy Class Action"), a true and correct copy of Preddy's First Amended Class Action Complaint is attached as **Exhibit F**.

17.     The Doty Class Action asserts claims on behalf of a purported nationwide class of ADT customers that were affected by Mr. Aviles' conduct and seeks the following relief: damages, including statutory, exemplary and punitive damages, economic and mental anguish damages, injunctive relief, litigation expenses and attorneys' fees.  *See* Doty Class Action at p. 33 (**Ex. E**).  The Doty Class Action specifically seeks damages in excess of $5,000,000.00.  *Id*. at p. 4, ¶ 12.

18.     The Preddy Class Action asserts claims on behalf of a purported nationwide class of non-ADT customers that were affected by Mr. Aviles' conduct and seeks the following relief: damages, including statutory, exemplary and punitive damages, economic and mental anguish damages, injunctive relief, litigation expenses and attorneys' fees.  *See* Preddy Class Action at p. 26 (**Ex. F**).  The Preddy Class Action specifically seeks damages in excess of $5,000,000.00.  *Id*. at p. 4, ¶ 12.

19.     Plaintiffs' Second Amended Class Action Petition essentially combines the two classes identified in the Doty and Preddy Class Actions, seeking nearly identical damages based on the exact same facts and circumstances.  *Compare* Pltfs' Second Am. Pet. at pp. 9-11 *with* Doty Class Action at p. 33 (**Ex. E**) *and* Preddy Class Action at p. 26 (**Ex. F**).   So although Plaintiffs' Second Amended Class Action Petition does not state a specific damage amount (in accordance with the Texas Rules of Civil Procedure), the amount Plaintiffs seek for themselves

- 6 -

and on behalf of the class and sub-classes of individuals exceeds $5,000,000, satisfying CAFA's

amount in controversy requirement.

20.     Accordingly, this Court has original jurisdiction over this action under 28 U.S.C.

§ 1332(d)(2) & (6) because this class action: (a) has a proposed class of least 100 members; (b)

has at least one member of the purported class who is a citizen of a state different than the

defendant; and (c) the amount in controversy exceeds the sum or value of $5,000,000 exclusive

of interest and costs.

21.     For the foregoing reasons, this action is removable pursuant to 28 U.S.C. §§ 1441,

1446, and 1453.

<u>**ADT HAS COMPLIED WITH ALL PREREQUISITES FOR REMOVAL**</u>

22.     Counsel for ADT certifies that a copy of this Notice of Removal is being filed

with the Clerk of the 191st District Court, Dallas County, Texas, pursuant to 28 U.S.C. § 1446(d).

23.     Pursuant to 28 U.S.C. § 1446(a), copies of all processes, pleadings, and orders

filed in the State Court Action are attached hereto as an Appendix (**Exhibit G**).

24.     Under CAFA, action[s] may be removed by any defendant without the consent of

all defendants." 28 U.S.C. § 1453(b); *DT Apartment Grp., LP v. CWCapital, LLC*, No. 3:12-CV-

0437-D, 2012 WL 1555450, at *4 (N.D. Tex. May 3, 2012).

25.     ADT reserves the right to amend or supplement this Notice of Removal, and

reserves all rights and defenses, including those available under Federal Rule of Civil

Procedure 12.

WHEREFORE, ADT gives notice that the above-described action pending in the 191st

District Court, Dallas County, Texas, is removed to this Court.

DATED this 25th day of August, 2020.

4824-9190-1129 v2

- 8 -

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.


By: /s/ Benjamin Walther
Benjamin Walther
Texas Bar No. 24084000
JPMorgan Chase Tower
600 Travis Street
Suite 3400
Houston, TX  77002-2926
Telephone:  713-227-8008
Facsimile:  713-227-9508
bwalther@shb.com

Charles C. Eblen, *Pro Hac Vice pending*
Jason R. Scott, *Pro Hac Vice pending*
2555 Grand Boulevard
Kansas City, MO  64108-2613
Telephone:  816-474-6550
Facsimile:  816-421-5547
ceblen@shb.com
jscott@shb.com

***Attorneys for Intervenor Defendant
ADT LLC***

4824-9190-1129 v2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 26th day of August, 2020, the foregoing was

presented to the Clerk of Court for filing, uploading, and service upon all counsel of record via

the CM/ECF system, as follows:

Gregory F. Cox
Texas Bar No. 00793561
Michael A. Downey
Texas Bar No. 24087445
MOSTYN LAW
3810 West Alabama Street
Houston, TX  77027
Telephone:  713-714-0000
Facsimile:  713-714-111
gfcdocketefile@mostynlaw.com
gfcox@mostynlaw.com
madowney@mostynlaw.com

*Attorneys for Plaintiffs*
*Taylor Madison; and*
*Angie Dickson*

Tom Pappas
Texas Bar No. 15455300
BURLESON, PATE & GIBSON, L.L.P.
900 Jackson Street
Suite 330
Dallas, TX  75202
Telephone:  214-871-4900
Facsimile:  214-871-7543
tpappas@bp-g.com

*Attorneys for Defendant*
*Telesforo Aviles*

*/s/ Benjamin Walther*
Benjamin Walther

- 9 -

4824-9190-1129 v2